UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAL DAWSON HICKS,

    Defendant.

Case No. 05-cr-40023-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Hal D. Hicks's Motion for Early Termination of Supervised Release (Doc. 89). Hicks has completed 18 months of his three year term of supervised release and paid all fines and restitution ordered by the Court. He has not violated the terms of his supervised release. Hicks asks that the Court terminate his supervised release early because he wishes to gain employment in the trucking industry, employment which may necessitate travel outside of the district in which he is serving his term of supervised release.

"The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)-terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;." 18 U.S.C. § 3583(e)(1). "The language in this statute is discretionary, and the district court has wide discretion in determining whether to terminate an individual's term of supervised release." *U.S. v. Hook*, 471 F.3d 766, 771 (7th Cir.2006). Courts, however, generally do not consider mere compliance with the terms of supervised release grounds for early termination of supervised release. *See, e.g., United States v. Kay*, 283 Fed.

Appx. 944, 946-47 (3d Cir.2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997)*;* *United States v. Washington*, 2009 WL 482779 (E.D.Wis. 2009).

The Court declines to exercise its discretion to terminate Hicks's supervised release early. The Court expects defendants to comply with the terms of their supervised release. Indeed a failure to comply may warrant revocation of supervised release. Furthermore, Hicks's desire to work within a particular field that may require travel does not constitute the sort of changed circumstances that might induce the Court to grant a request for early termination of supervised release in the interests of justice. Accordingly, the Court **DENIES** Hicks's Motion for Early Termination of Supervised Release (Doc. 89).

**IT IS SO ORDERED.**
**DATED: June 1, 2009**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**